David A. Chami, AZ #027585
**PRICE LAW GROUP, APC**
8245 N 85th Way
Scottsdale, AZ 85258
T: (818) 600-5515
F: (818) 600-5415
E: david@pricelawgroup.com

Beth Findsen (SBN 24002679)
**PRICE LAW GROUP, APC**
8245 N 85th Way
Scottsdale, AZ 85257
T: (818) 600-5575
F: (818) 600-5475
E: beth@pricelawgroup.com
*Attorneys for Plaintiff,*
*Kary Lyman*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF EASTERN TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| KARY LYMAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KOHLS DEPARTMENT STORES, INC.,<br><br>　　　　Defendant. | Case No. 4:19-cv-466<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL FOR VIOLATIONS OF:**<br><br>1. Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*;<br>2. Texas Debt Collections Act, Tex. Fin. Code Ann § 392 *et seq.*;<br>3. Intrusion Upon Seclusion; and<br>4. Tex. Civ. Prac. & Rem. Code § 41.001 *et seq.* |

### COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Kary Lyman ("Plaintiff"), by and through her attorneys, alleges the following against Defendant Kohls Department Stores, Inc. ("Defendant"):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use

of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon the Texas Debt Collections Act ("TDCA"), Tex. Fin. Code Ann. § 392 *et seq.*, which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices in connection with the collection of consumer debts.

3. Count III of Plaintiff's Complaint is based upon the Invasion of Privacy - Intrusion upon Seclusion, as derived from § 652B of the Restatement (Second) of Torts. § 652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns… that would be highly offensive to a reasonable person."

4. Count IV of Plaintiff's Complaint is based upon Tex. Civ. Prac. & Rem. Code § 41.001 *et seq.*, which allows a Plaintiff to recover exemplary damages where "claimant proves by clear and convincing evidence that the harm with respect to which the claimant seeks recovery of exemplary damages results from: (1) fraud; (2) malice; or (3) gross negligence."

**JURISDICTION AND VENUE**

5. Jurisdiction of this court arises under 47 U.S.C. § 227 *et seq.* and 28 U.S.C. § 1331.

6. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

7. Defendant transacts business in this District; therefore, personal jurisdiction is established.

**PARTIES**

8. Plaintiff is a natural person residing in Bountiful, Davis County, Utah.

9. Defendant is a department store with its principal place of business located in Menomonee Falls, WI.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

11. Defendant can be served upon its registered agent, Corporate Creations Network Inc. located at 2425 W Loop South #200, Houston, TX 77027.

## **FACTUAL ALLEGATIONS**

12. In 2017 Plaintiff began experiencing financial troubles when she needed to care for her sick elderly father.

13. Upon information and belief, Defendant is aware of Plaintiff's financial hardship.

14. In or around June 2018, in an attempt to collect on one or more alleged consumer accounts, Defendant began calling Plaintiff on her cellular phone number ending in 9101.

15. Upon information and belief, the calls from Defendant originated in this district.

16. In an attempt to hide its true identity and to harass Plaintiff, Defendant called from the following phone numbers: (414) 257-2339; (903) 593-8790; (435) 222-1040; (435) 222-1041; (435) 222-1379; (435) 222-1399; (435) 222-1372; (435) 222-1377; (435) 222-1394; (435) 222-1381; (435) 222-1398; (435) 222-1370; (435) 222-1346; (435) 222-1348; (435) 222-1365; (435) 275-0775; (435) 275-0813; (435) 275-0807; (435) 222-1396; (435) 222-1375; (435) 222-1376; (435) 222-1347; (435) 222-1391; (435) 222-1353; (435) 222-1393; (435) 222-1385; (435) 222-1369; (435) 767-0577; (435) 215-1853; (435) 222-1365; (262) 704-9780; and (435) 275-0807.

17. Upon information and belief, Defendant owns and operates the phone numbers.

18. On or about September 20, 2018, at 6:56 p.m., Plaintiff received a call from (435) 222-1353. During this call Plaintiff explained her financial hardship and informed Defendant that she works nights. Plaintiff also unequivocally revoked consent to be contacted any further by telephone.

19. Despite revoking consent, Plaintiff continued to receive phone calls from Defendant.

20. Between June 25, 2018 and October 30, 2018, Defendant willfully called Plaintiff on her cellular phone approximately three hundred and twenty-five (325) times to annoy and harass Plaintiff in the hopes that it could induce Plaintiff to pay the debt.

21. Plaintiff would often receive multiple calls a day from Defendant; indicating the use of an automatic telephone dialing system.

22. For example, on October 9, 2018 Defendant called at 8:57 a.m., 11:26 a.m.; 12:58 p.m., 2:40 p.m.; and 6:08 p.m.

23. Each time Plaintiff received a phone call from Defendant there was a brief pause prior to speaking with a representative; further indicating the use of an automatic telephone dialing system.

24. Plaintiff works nights and therefore sleeps during the day.

25. The majority of the calls from Defendant were received by Plaintiff while she was sleeping.

26. Plaintiff keeps her phone on vibrate in case of emergencies, which means her sleep was often disrupted even though Plaintiff informed Defendant that she works nights.

27. Plaintiff has dealt with a lot of stress in the last couple of years and Defendant's calls have only exacerbated that stress.

28. Due to Defendant's actions, Plaintiff has suffered emotional distress, mental anguish, invasion of privacy, headaches and sleepless mornings.

## **FIRST CAUSE OF ACTION**
## **TCPA, 47 U.S.C. § 227** *et seq.*

29. Plaintiff incorporates by reference paragraphs one (1) through twenty-eight (28) of this Complaint as though fully stated herein.

30. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

   a. Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in

pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

    b. Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

31. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3).

## SECOND CAUSE OF ACTION
### TDCA, Tex. Fin. Code Ann. § 392 *et seq.*

32. Plaintiff incorporates by reference paragraphs one (1) through twenty-eight (28) of this Complaint as though full stated herein.

33. Defendant violated the TDCA. Defendant's violations include, but are not limited to the following:

    a. Defendant violated Tex. Fin. Code Ann. § 392.302(4) by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number.

34. Defendant's acts, as described above, were done knowingly and willfully.

35. As a result of the foregoing violations of the TDCA, Defendant is liable to Plaintiff for declaratory judgement that Defendant's conduct violated the TDCA, actual damages, statutory damages, and attorney's fees and costs.

## THIRD CAUSE OF ACTION

### Intrusion Upon Seclusion

36. Plaintiff incorporates by reference paragraphs one (1) through twenty-eight (28) of this Complaint as though fully stated herein.

37. Restatement of the Law, Second, Torts, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes… upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

38. Defendant violated Plaintiff's privacy. Defendant's violations include, but are not limited to, the following:

    a. Defendant intentionally intruded, physically or otherwise, upon Plaintiff's solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt despite numerous requests for the calls to cease.

    b. The number and frequency of the telephone calls to Plaintiff by Defendant after multiple requests for the calls to cease constitute an intrusion on Plaintiff's privacy and solitude.

    c. Defendant's conduct would be highly offensive to a reasonable person as Plaintiff received calls that often interrupted Plaintiff's work and sleep schedule.

    d. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

39. As a result of Defendant's violations of Plaintiff's privacy, Defendant is liable to Plaintiff for actual damages.

## FOURTH CAUSE OF ACTION

### Tex. Civ. Prac. & Rem. Code § 41.001 *et seq.*

40. Plaintiff incorporates herein by reference paragraphs one (1) through twenty-eight (28) of this Complaint as though fully stated herein.

41. Tex. Civ. Prac. & Rem. Code § 41.001 allows a Plaintiff to recover exemplary damages where the "claimant proves by clear and convincing evidence that the harm with respect to which the claimant seeks recovery of exemplary damages result from: (1) fraud; (2) malice; or (3) gross negligence."

42. Tex. Civ. Prac. & Rem. Code § 41.001(2) defines "clear and convincing as the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established."

43. Tex. Civ. Prac. & Rem. Code § 41.001(7) defines "malice" as "a specific intent by the defendant to cause substantial injury or harm to the claimant."

44. Tex. Civ. Prac. & Rem. Code § 41.001(2) defines "gross negligence" as "an act or omission: (A) which when viewed objectively from the standpoint of the actor at the time of its occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and (B) of which the actor has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety, or welfare of other."

45. Plaintiff is informed and believes that the aforesaid conduct was malicious and grossly negligent, as those terms are defined by Tex. Civ. Prac. & Rem. Code § 41.001(1)-(11), as Defendant's conduct was done in complete conscious disregard of Plaintiff's rights and safety.

46. Defendant was aware that Plaintiff requested to not be called anymore, that Plaintiff worked nights and would sleeping at the time of Defendant's phone calls, that Plaintiff was suffering financial hardship and did not have money to make a payment, and yet, Defendant continued its bombardment of harassing phone calls to Plaintiff in violation of the TCPA, TDCA, and Plaintiff's privacy rights.

47. As a result of Defendant's conduct and violations, Defendant is liable to Plaintiff for punitive damages.

## **PRAYER OF RELIEF**

**WHEREFORE**, Plaintiff Kary Lyman, respectfully requests judgment be entered against Defendant Kohls Department Stores, Inc. for the following:

A. Declaratory judgement that Defendant violated the TCPA and TDCA;

B. Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

C. Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3);

D. Actual damages pursuant to Ten. Fin. Code Ann. § 392.403(a)(2);

E. Cost and reasonable attorney's fees pursuant to Ten. Fin. Code Ann. § 392.403(b);

F. Punitive damages pursuant to Tex. Civ. Prac. & Rem. Code § 41.008(b);

G. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

H. Any other relief that this Honorable Court deems appropriate.

Respectfully submitted this 25th day of June 2019,

**PRICE LAW GROUP, APC**

By:/s/ *David Chami*
David A. Chami, AZ #027585
**PRICE LAW GROUP, APC**
8245 N 85th Way
Scottsdale, AZ 85258
T: (818) 600-5515
F: (818) 600-5415
E: david@pricelawgroup.com
*Attorneys for Plaintiff,*
*Kary Lyman*